UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN DOE,  :
: 
                       Plaintiff,  :      23 Civ. 6395 (VSB) (GS)
:
     - against -  :      <u>ORDER</u>
:
THE FEDERAL REPUBLIC OF GERMANY  :
AND THE BUNDESKRIMINALAMT OF  :
THE FEDERAL REPUBLIC OF GERMANY,  :
:
                     Defendants.  :
-----------------------------------------------------------------x

**GARY STEIN, United States Magistrate Judge:**

Plaintiff John Doe, proceeding pseudonymously and *pro se*, has filed a motion requesting that the Court issue Requests for Service (USM-94 Forms) so that the summonses and Complaint in this matter can be served on Defendants under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (Nov. 15, 1965) ("Hague Convention" or "Convention"). (Dkt. No. 18 ("Pl. Mot.")). For the reasons set forth below, the motion is denied.

## BACKGROUND

The Court assumes familiarity with the factual background of this case as set forth in the Court's prior Opinion and Order ("O&O") dated October 13, 2023. (*See* Dkt. No. 15). In summary, Plaintiff, who purports to be the individual who leaked the Panama Papers, filed this breach of contract action on July 24, 2023 against Defendants Federal Republic of Germany ("Germany") and the Bundeskriminalamt

1

("BKA"). Plaintiff alleges that Defendants breached their contractual obligation to pay him[1] a portion of the taxes and fines they collected that were causally related to his disclosure of the Panama Papers. (*See* Dkt. No. 1 ("Complaint" or "Compl.")).

Prior to initiating the instant action, Plaintiff filed a nearly identical complaint on June 20, 2023 in the U.S. District Court for the District of Columbia. *Doe v. Fed. Republic of Ger.*, Civil Action No. 23-1782 (JEB) ("D.D.C. Action"). After the court in the D.D.C. Action denied Plaintiff's "unusual request" to shield his identity from the court as well as the public, *Doe v. Fed. Republic of Ger.*, Civil Action No. 23-1782 (JEB), 2023 WL 4744154, at *4-5 (D.D.C. June 30, 2023), Plaintiff was ordered to file a declaration containing his true name, residential address, and phone number under seal within 21 days of the court's ruling. *Id.* at *5.

In response, Plaintiff abandoned the D.D.C. Action and, on the day on which the declaration would have been due to the D.C. court, filed the instant Complaint in the Southern District of New York. At the same time, Plaintiff filed an *ex parte* motion for leave to proceed anonymously under a pseudonym (Dkt. No. 3); an *ex parte* motion to participate in electronic case filing (Dkt. No. 5); an *ex parte* motion for alternative service (Dkt. No. 6); and requests for the Court to issue summonses on Defendants (Dkt. Nos. 7-8).

---

[1] Although Plaintiff uses gender-neutral pronouns to refer to Plaintiff, this Order (as did the O&O) uses male pronouns for ease of reference, without suggesting anything about Plaintiff's actual gender, as to which the Court has no knowledge. (O&O at 2 n.2).

The Court ruled on the foregoing motions in its October 13, 2023 Opinion and Order. The O&O (1) denied Plaintiff's motion for alternative service; (2) denied without prejudice Plaintiff's motion to proceed anonymously until Defendants had been served and Plaintiff evinced a willingness to disclose his identity to the Court under seal; and (3) denied with leave to renew Plaintiff's motion to participate in electronic case filing. (Dkt. No. 15). Thereafter, the Court ordered that the Clerk of Court issue Plaintiff's requested summonses for the Defendants. (Dkt. No. 16).

Plaintiff now requests the Court's assistance in serving Defendants pursuant to the Hague Convention. Specifically, Plaintiff asks the Court (1) to authorize the issuance of the USM-94 Forms annexed to his motion to the appropriate Central Authorities in Germany and (2) to "transmit" the USM-94 Forms to those Central Authorities either "on its own or through an international process server as appropriate." (Pl. Mot. at 3). Plaintiff asserts that because he is not at present represented by an attorney in this action, the signature of a court official on the USM-94 Forms is "the only option" for him to effectuate service under the Hague Convention. (*Id.* at 2). Plaintiff further asserts that Plaintiff "cannot themselves transmit the signed documents to the Central Authorities in Germany by mail without compromising their anonymity." (*Id.*)[2]

---

[2] Annexed to Plaintiff's motion are two USM-94 Forms translated into German and addressed to the two different relevant Central Authorities in Berlin and Wiesbaden for serving Defendants Germany and the BKA, respectively. (*See* Pl. Mot. at 1, Exs. 1-2). Plaintiff additionally attaches, for service on Defendants, copies of the summonses and Complaint translated into German. (Pl. Mot. at 2, Exs. 3-4).

3

Although, as noted above, the Court denied Plaintiff's previous motion to proceed anonymously in this action, Plaintiff nonetheless filed the instant motion using his pseudonym, without disclosing his identity to the Court under seal or seeking leave of the Court to proceed anonymously for purposes of the motion.

## DISCUSSION

### A. Service Under the FSIA and the Hague Convention

The Complaint invokes the Court's jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). (Compl. ¶ 15). As noted in the O&O, the FSIA contains its own exclusive provisions for service of process, contained in 28 U.S.C. § 1608. (*See* O&O at 11-13). Section 1608(a) sets forth four methods of serving a foreign state or political subdivision thereof, which must be attempted "in the order in which they are laid out" in the statute. *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 603 (S.D.N.Y. 2016).

As noted in the O&O, Plaintiff does not point to any agreement between the parties that would trigger the first method of service: a "special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1). (*See* O&O at 18-20). His current motion implicates the second method: service "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). The Hague Convention is such an international convention. *See Pablo Star*, 170 F. Supp. 3d at 603; 4B Wright & Miller, *Federal Practice and Procedure*, § 1111, at 56 (4th ed. 2015).

4

Under the Hague Convention, the primary method of service is through the designated "Central Authority" in the country where the defendant is located. *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at *2 (S.D.N.Y. Jan. 31, 2012). For service through a Central Authority, Article 3 of the Convention instructs that "[t]he authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request confirming to the model annexed to" the Convention. The form used in the United States for requesting service under Article 3 is known as a USM-94 Form. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 296 (2d Cir. 2005).

In the United States, a competent "authority or judicial officer" who may issue a request for service under Article 3 includes any person qualified to serve process under Fed. R. Civ. P. 4(c)(2). This can be a private person, such as an attorney, or a marshal, sheriff, or court official. *See Micula v. Gov't of Romania*, No. 17-cv-02332(APM), 2018 WL 10196624, at *4 (D.D.C May 22, 2018); *Charleston Aluminum, LLC v. Ulbrinox S. De R.L. de S.V.*, Civil Action No. 3:12-2389-MBS, 2013 WL 152895, at *2 (D.S.C. Jan. 15, 2013); *Green v. Le Dorze*, No. CA 3-96-CV-590-R, 1998 WL 158632, at *2 (N.D. Tex. Mar. 24, 1998); *Marschauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 608-09 (S.D. Fla. 1992).

The Hague Convention does not specify how the competent authority issuing a request for service shall transmit the request to the Central Authority. "Postal channels are commonly used (ordinary mail, registered mail with acknowledgment

5

of receipt, express mail, private courier service, etc.)." Practical Handbook on the Operation of the Service Convention, Frequently Asked Questions (I.A.10), [Practical Handbook on the Operation of the Service Convention (hcch.net)](#) (last visited Nov. 20, 2023).

Once it receives the request for service, the designated Central Authority is responsible under Article 5 of the Hague Convention for effecting service on the defendant in the receiving country. Under Article 6, the Central Authority then completes a certification verifying service and delivers it to the applicant who issued the request. *See Micula*, 2018 WL 10196624, at *4.

Germany is a signatory to the Hague Convention. Hague Conference on Private Int'l Law, Status Table 14, [HCCH | #14 - Status table](#) (last visited Nov. 20, 2023); *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 343 (E.D.N.Y. 2021).

## B. Plaintiff Is Not Entitled to the Court's Assistance in Transmitting His USM-94 Forms to Germany

Article 3 of the Hague Convention "does not create a singular obligation on the court to effectuate service of process in this lawsuit. Rather, as is typically the case, that is Plaintiff's responsibility." *Charleston Aluminum,* 2013 WL 152895, at *2 (denying plaintiff's "motion for Hague service," *i.e.*, to "sign, seal, and serve" documents on the Mexican Central Authority); *see also Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Cap. Variable*, No. 20 Civ. 01213 (GHW), 2020 WL 13855620, at *2 n.3 (S.D.N.Y. May 13, 2020) (citing *Charleston Aluminum* with approval and noting that "Plaintiff need

6

not seek court intervention in order to effect service under the Hague Convention"); *Wang v. Li*, Civil Action No. 21-cv-2885 (CKK/MAU), 2022 WL 18787862, at *3 (D.D.C. Nov. 18, 2022) ("it is not the Court's obligation to ensure proper service under the Hague Convention"), *report and recommendation adopted*, 2022 WL 18787822 (D.D.C. Dec. 5, 2022).

Instead, Federal Rule of Civil Procedure 4(c)(1) makes clear that "it is the party, not the court, that is responsible for serving process." *Charleston Aluminum*, 2013 WL 152895, at *2; *accord, e.g.*, *Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*, No. 02 Civ. 2692 (DRH) (MLO), 2007 WL 1456223, at *3 (E.D.N.Y. May 16, 2007); *Wang*, 2022 WL 18787862, at *3 ("It remains [plaintiff's] responsibility to attempt service on [defendants] through the proper protocols of the Hague Convention."); *see* Fed. R. Civ. P. 4(c)(1) ("[t]he plaintiff is responsible for service of a summons and complaint").

In this case, Plaintiff is proceeding *pro se* and cannot sign and issue the USM-94 Forms himself. *See* Fed. R. Civ. P. 4(c)(2) (party cannot serve summons and complaint). Of course, Plaintiff, who does not qualify for *in forma pauperis* status (*see* O&O at 10; Dkt. No. 12), could retain counsel who would be able to issue the USM-94 Forms. Indeed, Plaintiff has represented to the Court his awareness that counsel "may be needed to prosecute certain aspects of this litigation." (Dkt. No. 3 at 8). Nonetheless, Plaintiff has a right to represent himself in this litigation. *See Iannaconne v. Law*, 142 F.3d 553, 556 (2d Cir. 1998) ("[t]he right to proceed *pro se* in civil actions in federal court is guaranteed by 28 U.S.C. § 1654").

Plaintiff, however, has no right to have the Court "transmit" the USM-94 Forms to Germany. When service in an FSIA case is effected under the third or fourth prongs of 28 U.S.C. § 1608(a), the Clerk of Court is required to "dispatch" the service documents to the recipient. *See* 28 U.S.C. §§ 1608(a)(3) and 1608(a)(4). But Plaintiff seeks to effect service under the Hague Convention pursuant to Section 1608(a)(2), not under Section 1608(a)(3) or (a)(4). In Hague Convention cases, the instructions of the Clerk of the Court of this District provide that once the USM-94 Forms have been completed, "the *litigants* must transmit them, together with the documents to be served." United States District Court, Southern District of New York, Clerk's Office Foreign Mailing Instructions ("SDNY Foreign Mailing Instructions"), at 5, [Foreign Mailing Instructions | U.S District Court (uscourts.gov)](#) (last visited Nov. 20, 2023) (emphasis added).[3]

In support of his motion, Plaintiff cites Rule 4(f) of the Federal Rules of Civil Procedure. (Pl. Mot. at 3). But as set forth in the O&O, Rule 4(f) does not apply in FSIA cases. (O&O at 12 (citing, *inter alia*, Fed. R. Civ. P. 4(j)(1) ("[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608"))). Moreover, even in those cases where the Clerk of Court mails the service documents to a non-governmental foreign defendant pursuant to Rule 4(f)(2)(C)(ii), the plaintiff remains responsible for paying the mailing costs.

---

[3] Certain countries (*e.g.*, the United Kingdom, but not Germany) require USM-94 Forms to be executed by an officer of the court. *See, e.g.*, *The Knit With v. Knitting Fever, Inc.*, No. CIV. A. 08-4221, 2010 WL 2788203, at *10 (E.D. Pa. July 13, 2010). Even in those situations, after they are signed by the Clerk of the Court, "the forms will be returned to the requestor to effect service abroad," absent a court order to the contrary. SDNY Foreign Mailing Instructions, at 5.

SDNY Foreign Mailing Instructions, at 8.  Plaintiff has not offered to pay the mailing costs here.

Plaintiff also cites to an order in which Chief Judge Swain "appoint[ed]" an international process server "as the authority and judicial officer competent . . . to forward to the [German] Central Authority" the documents to be served.  *Rukoro v. Fed. Republic of Germany*, 17 Civ. No. 00062, Dkt. No. 15 (S.D.N.Y. Apr. 7, 2017).  But the Court in that case did not transmit the USM-94 Form to Germany.  Consistent with the Court's Order, the service documents were "forward[ed]" by the process server, which had been retained by the plaintiffs in that case after other attempts to serve Germany failed.  (*See Rukoro* Dkt. No. 11; Dkt. No. 13 at 4:10-23, 5:8-15; Dkt. No. 20).

Here, Plaintiff has not indicated that he has located or retained an international process server to forward the USM-94 Forms to the German Central Authorities.  Evidently, Plaintiff expects the Court to undertake these responsibilities.  The Court is aware of no authority that would require, or even permit, the Court to arrange for a process server to transmit the USM-94 Forms to Germany on Plaintiff's behalf.[4]

Plaintiff seeks to justify his extraordinary request for special treatment on the ground that Plaintiff "cannot themselves transmit" the USM-94 Forms to the

---

[4] Finally, Plaintiff cites 22 U.S.C. §§ 4215 and 4221.  These statutes relate to the administration and taking of oaths and other notarial acts by consular officers and other U.S. government officials. Plaintiff does not explain the relevance of these citations, and the Court perceives none.

9

German Central Authorities "without compromising their anonymity." (Pl. Mot. at 3). Putting aside the Court's skepticism about this bare assertion—Plaintiff does not explain, for example, why he could not retain counsel to assist him with service—there is a more fundamental reason why the Court is unable to exercise whatever discretion it may have to provide Plaintiff with the relief he seeks.

As this Court and the court in the D.D.C. Action have already ruled, this case cannot proceed unless Plaintiff provides his identity to the Court under seal. (O&O at 24-27 (collecting cases)). Instead of complying with the D.C. court's ruling, Plaintiff chose to file a duplicative action and duplicative motions in this District. Now he has filed another motion in this action under a pseudonym without providing his identity to the Court under seal or indicating his willingness to do so. Despite Plaintiff's continuing disregard for this "well-established requirement," *Publicola v. Lomenzo*, 54 F.4th 108 (2d Cir. 2022), his motion seeks to call upon the resources of this Court to assist him in effectuating service in a manner not required or contemplated by the Hague Convention or the governing statutes and rules. This the Court will not do.

The Court takes seriously Plaintiff's concerns for his safety. As noted in the O&O, the Court is prepared to order a sealing procedure that protects Plaintiff's confidentiality as much as possible (for instance, by allowing sealed documents to be filed and maintained in hard-copy form as opposed to electronic form). (O&O at 27). But so long as Plaintiff is unwilling to provide his identity to the Court, as required, he is not entitled to judicial relief in this action.

10

## CONCLUSION

For the reasons stated above, Plaintiff's motion for the issuance of USM-94 Forms pursuant to the Hague Convention is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion (Dkt. No. 18).

**SO ORDERED.**

Dated:   November 21, 2023
          New York, New York

_____
GARY STEIN
United States Magistrate Judge