John Doe

March 28, 2024

**VIA E-MAIL and CM/ECF**

Hon. Vernon Speede Broderick
United States District Judge
Southern District of New York

Re:   *Doe v. The Federal Republic of Germany et al*, Case No. 1:23-cv-06395-VSB-GS
(S.D.N.Y.)

Dear Judge Broderick:

Despite the Clerk of Court's failure to inquire, I hereby decline to have this case heard by a magistrate judge.

I am in receipt of instructions, sent via e-mail earlier this month, for the "process for filing documents under seal outside the Electronic Case Filing system."  Regrettably I cannot comply with these instructions, as they markedly increase, rather than decrease, the already substantial risks involved with disclosing my identity.

At this point it is clear that service pursuant to 28 U.S.C. § 1608(a)(2) is not possible.  Despite my best efforts, I have been unable to retain counsel even for the limited purpose of simply signing the USM-94 forms.  There are multiple reasons for this, but chief among them is the danger that being publicly associated with my pseudonym, in this context, poses for any person.  Therefore, because I cannot and/or am not permitted to sign the forms myself, because I cannot find a lawyer who I am comfortable can protect my identity who also can and will sign them, and because the Court refuses to sign them, I request that service be achieved pursuant to 28 U.S.C. § 1608(a)(3) as authorized by Federal Rule of Civil Procedure 4(j)(1).

Previously, in its Order at ECF No. 19, the Court stated, "Federal Rule of Civil Procedure 4(c)(1) makes clear that 'it is the party, not the court, that is responsible for serving process.'" (citations omitted).  Notably, the Court quoted Rule 4(c)(1) as stating, "Fed. R. Civ. P. 4(c)(1) ("[t]he plaintiff is responsible for service of a summons and complaint").  But that is not actually what the Rule says.  First, the precise wording cited by the Court in its Order is from an outdated version of the Rule.  Second, the Court appears to have deliberately cited a truncated portion of

the former Rule to justify its denial of access to justice.  This is disappointing and does not boost confidence in the impartiality of the federal judiciary.

As it stands today, Rule 4(c)(1) actually states in full, "*In General.*  A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served ***within the time allowed by Rule 4(m)*** and must furnish the necessary copies to the person who makes service" (emphasis added).  The emphasized text is important, because referring to Rule 4(m), one finds that "[S]ubdivision (m) ***does not apply to service in a foreign country under Rule*** 4(f), 4(h)(2), or ***4(j)(1)***" (emphasis added).  In other words, the Court's incorrect quotation of the Rule is also inapposite—service under 28 U.S.C. § 1608 is authorized by Rule 4(j)(1)—as in certain circumstances such as this one, it is the Court's responsibility to effect service, not the plaintiff's.

The Court cannot simply abdicate that statutory obligation because it has questions about a given plaintiff or their motives.  My true identity is of no import insofar as service of process is concerned.  The Court has further noted that caselaw demands "strict compliance" with 28 U.S.C. § 1608(a), which says absolutely nothing about any requirement involving the plaintiff's name or identity, or any other related prerequisite.  To the extent that the Court might have viewed the disclosure of an anonymous plaintiff's name as a requirement to proceed, the time to impose such a requirement would have been prior to the issuance of summonses.  But with the summons documents in this case already having been issued, *see* ECF No. 17, the Court must comply with 28 U.S.C. § 1608(a).  Otherwise, the Court has simply laid a procedural trap that could lead to my death, which I refuse to engage with.

The documents described in 28 U.S.C. § 1608(a)(3) must be addressed to:

> Außenministerin Annalena Baerbock
> Auswärtiges Amt
> 11013 Berlin
> GERMANY

I and/or the Court have already supplied copies of the necessary documents to mail (*see* ECF Nos. 1, 1-1, 17, 17-1, and 18 at pages 17-53, 55, 57), except for the Notice of Suit, which is attached hereto in English and German versions.


Signed,


/s/John Doe
John Doe

E-Mail: doevgermanylitigation@protonmail.com
*Plaintiff*

**Exhibit 1**
Notice of Suit (English)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE FEDERAL REPUBLIC OF GERMANY, )<br>AND THE BUNDESKRIMINALAMT OF )<br>THE FEDERAL REPUBLIC OF GERMANY, )<br><br>Defendants. )<br> ) | Civil Action No. 1:23-cv-06395-VSB-GS |

<u>**NOTICE OF SUIT PURSUANT TO 28 U.S.C. § 1608(a) AND 22 C.F.R. § 93.2**</u>

TO:   THE FEDERAL REPUBLIC OF GERMANY
       Minister of Foreign Affairs
       Federal Foreign Office
       Auswärtiges Amt
       11013 Berlin

1. Title of legal proceeding; full name of court; case or docket number.

    a) The title of the proceeding is *John Doe v. The Federal Republic of Germany, et al*.

    b) The proceeding is pending in the United States District Court for the Southern District of New York.

    c) The case number is 1:23-cv-06395-VSB-GS.

2. Name of foreign state concerned.

    The Federal Republic of Germany ("Germany") is the federal state concerned, and is one of the defendants in this proceeding.

3. Identity of the other parties.

    a) The other parties are the plaintiff, who is using the pseudonym John Doe; and

    b) the other defendant, the Bundeskriminalamt of the Federal Republic of Germany.

4. Nature of document served.

   Germany is being served with a Complaint dated July 24, 2023 (and all exhibits thereto), in an action to recover $14.565 million in contractually owed funds. Germany is also being served with a copy of the Summons issued in this proceeding in conjunction with the Complaint.

5. Nature and purpose of the proceedings; why the foreign state has been named; relief requested.

   a) As John Doe states in the Complaint, this is an action to recover $14.565 million in contractually owed funds stemming from John Doe's written agreement with the Bundeskriminalamt of the Federal Republic of Germany regarding collections resulting from Doe's provisioning to Germany of the Panama Papers in 2017.

   b) John Doe seeks the following relief:

      i. $14.565 million in compensatory damages;

      ii. Pre-judgment and post-judgment interest;

      iii. the costs and fees of this action, including attorneys' fees to the extent permitted by law; and

      iv. such additional relief as the Court shall appear just and equitable.

6. A response to the Summons and Petition is required to be submitted to the court, no later than 60 days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

7. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28,

United States Code (Pub.L. 94-583; 90 Stat. 2891).  A copy of this statute is attached hereto as Schedule A.

Dated: March 28, 2024                          Respectfully submitted,


                                               /s/John Doe
                                               John Doe
                                               doevgermanylitigation@protonmail.com

**Schedule A**
Foreign Sovereign Immunities Act of 1976

## Public Law 94–583
## 94th Congress

### An Act

To define the jurisdiction of United States courts in suits against foreign states, the circumstances in which foreign states are immune from suit and in which execution may not be levied on their property, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Foreign Sovereign Immunities Act of 1976".

SEC. 2. (a) That chapter 85 of title 28, United States Code, is amended by inserting immediately before section 1331 the following new section:

#### "§ 1330. Actions against foreign states

"(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

"(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

"(c) For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title.".

(b) By inserting in the chapter analysis of that chapter before—

"1331. Federal question; amount in controversy; costs."

the following new item:

"1330. Action against foreign states.".

SEC. 3. That section 1332 of title 28, United States Code, is amended by striking subsections (a) (2) and (3) and substituting in their place the following:

"(2) citizens of a State and citizens or subjects of a foreign state;

"(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

"(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.".

SEC. 4. (a) That title 28, United States Code, is amended by inserting after chapter 95 the following new chapter:

### "Chapter 97.—JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

"Sec.
"1602. Findings and declaration of purpose.
"1603. Definitions.
"1604. Immunity of a foreign state from jurisdiction.
"1605. General exceptions to the jurisdictional immunity of a foreign state.
"1606. Extent of liability.

*Margin notes:*

Oct. 21, 1976
[H.R. 11315]

Foreign Sovereign Immunities Act of 1976.
28 USC 1 note.

28 USC 1330.
Jurisdiction.

*Post,* p. 2892.

*Post,* p. 2894.

"1607. Counterclaims.
"1608. Service; time to answer default.
"1609. Immunity from attachment and execution of property of a foreign state.
"1610. Exceptions to the immunity from attachment or execution.
"1611. Certain types of property immune from execution.

28 USC 1602.  "**§ 1602. Findings and declaration of purpose**

"The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.

28 USC 1603.  "**§ 1603. Definitions**

"For purposes of this chapter—
     "(a) A 'foreign state', except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
     "(b) An 'agency or instrumentality of a foreign state' means any entity—
          "(1) which is a separate legal person, corporate or otherwise, and
          "(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
          "(3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (d) of this title, nor created under the laws of any third country.
     "(c) The 'United States' includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.
     "(d) A 'commercial activity' means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.
     "(e) A 'commercial activity carried on in the United States by a foreign state' means commercial activity carried on by such state and having substantial contact with the United States.

28 USC 1604.  "**§ 1604. Immunity of a foreign state from jurisdiction**

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

28 USC 1605.  "**§ 1605. General exceptions to the jurisdictional immunity of a foreign state**

"(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
     "(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of

the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

"(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

"(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

"(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue; or

"(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

"(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

"(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

"(b) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided*, That—

Suit in admiralty.

Notice.

"(1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; but such notice shall not be deemed to have been delivered, nor may it thereafter be delivered, if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit—unless the party was unaware that the vessel or cargo of a foreign state was involved, in which event the service of process of arrest shall be deemed to constitute valid delivery of such notice; and

"(2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in subsection (b)(1) of this section or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

Whenever notice is delivered under subsection (b)(1) of this section, the maritime lien shall thereafter be deemed to be an in personam

claim against the foreign state which at that time owns the vessel or cargo involved: *Provided*, That a court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose, such value to be determined as of the time notice is served under subsection (b)(1) of this section.

28 USC 1606.

## "§ 1606. Extent of liability

"As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

28 USC 1607.

## "§ 1607. Counterclaims

"In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

"(a) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been brought in a separate action against the foreign state; or

"(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

"(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

28 USC 1608.

## "§ 1608. Service; time to answer; default

"(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

"(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of

Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a 'notice of suit' shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation. <span style="float:right">"Notice of suit."</span>

"(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

"(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

"(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

"(C) as directed by order of the court consistent with the law of the place where service is to be made.

"(c) Service shall be deemed to have been made—

"(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

"(2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

"(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

"(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

"§ 1609. Immunity from attachment and execution of property of a foreign state <span style="float:right">28 USC 1609.</span>

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property

PUBLIC LAW 94–583—OCT. 21, 1976

in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

28 USC 1610.

"**§ 1610. Exceptions to the immunity from attachment or execution**

"(a)  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

"(2) the property is or was used for the commercial activity upon which the claim is based, or

"(3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

"(4) the execution relates to a judgment establishing rights in property—

"(A) which is acquired by succession or gift, or

"(B) which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

"(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment.

"(b)  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

"(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), or (5), or 1605(b) of this chapter, regardless of whether the property is or was used for the activity upon which the claim is based.

"(c)  No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

PUBLIC LAW 94–583—OCT. 21, 1976          **90 STAT. 2897**

"(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

"(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

"(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

## "§ 1611. Certain types of property immune from execution

28 USC 1611.

"(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

22 USC 288 note.

"(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if—

"(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

"(2) the property is, or is intended to be, used in connection with a military activity and

"(A) is of a military character, or

"(B) is under the control of a military authority or defense agency."

(b) That the analysis of "PART IV.—JURISDICTION AND VENUE" of title 28, United States Code, is amended by inserting after—

"95. Customs Court.",

the following new item:

"97. Jurisdictional Immunities of Foreign States.".

SEC. 5. That section 1391 of title 28, United States Code, is amended by adding at the end thereof the following new subsection:

Venue.

"(f) A civil action against a foreign state as defined in section 1603(a) of this title may be brought—

"(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

"(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;

90 STAT. 2898                    PUBLIC LAW 94–583—OCT. 21, 1976

"(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

"(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.".

<span style="float:left">Actions<br>removable.</span>

SEC. 6. That section 1441 of title 28, United States Code, is amended by adding at the end thereof the following new subsection:

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.".

<span style="float:left">28 USC 1446.</span>

<span style="float:left">28 USC 1602<br>note.</span>

SEC. 7. If any provision of this Act or the application thereof to any foreign state is held invalid, the invalidity does not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are severable.

<span style="float:left">Effective date.<br>28 USC 1602<br>note.</span>

SEC. 8. This Act shall take effect ninety days after the date of its enactment.

Approved October 21, 1976.

LEGISLATIVE HISTORY:

HOUSE REPORT No. 94–1487 (Comm. on the Judiciary).
SENATE REPORT No. 94–1310 accompanying S. 3553 (Comm. on the Judiciary).
CONGRESSIONAL RECORD, Vol. 122 (1976):
        Sept. 29, considered and passed House.
        Oct. 1, considered and passed Senate.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 12, No. 43:
        Oct. 22, Presidential statement.

**Exhibit 2**
Notice of Suit (German)

**BEZIRKSGERICHT DER VEREINIGTEN STAATEN**
**SÜDLICHER GERICHTSBEZIRK DES US-BUNDESSTAATES NEW YORK**

| | |
|---|---|
| JOHN DOE, )<br><br>   Kläger, )<br><br>   v. )<br><br>DIE BUNDESREPUBLIK DEUTSCHLAND, )<br>UND DAS BUNDESKRIMINALAMT VON )<br>DIE BUNDESREPUBLIK DEUTSCHLAND, )<br><br>   Beklagten. ) | Zivilklage Nr. 1:23-cv-06395-VSB-GS |

<u>**BEKANNTMACHUNG DER KLAGE GEMÄß 28 U.S.C. § 1608(a) UND 22 C.F.R. § 93.2**</u>

TO:   DIE BUNDESREPUBLIK DEUTSCHLAND
Außenminister
Auswärtiges Amt
11013 Berlin

1. Titel des Gerichtsverfahrens; Vollständiger Name des Gerichts; Fall- oder Aktennummer.

   a) Der Titel des Verfahrens ist *John Doe v. The Federal Republic of Germany, et al*.

   b) Das Verfahren ist vor dem Bezirksgericht der Vereinigten Staaten für den südlichen Bezirk von New York anhängig.

   c) Die Fallnummer ist 1:23-cv-06395-VSB-GS.

2. Name des betroffenen ausländischen Staates.

   Die Bundesrepublik Deutschland („Deutschland") ist der betreffende Bundesstaat und einer der Beklagten in diesem Verfahren.

3. Identität der anderen Parteien.

   a) Die anderen Parteien sind der Kläger, der das Pseudonym John Doe verwendet; Und

   b) der andere Beklagte, der Bundeskriminalamt der Bundesrepublik Deutschland.

4. Art des Dokuments serviert.

   Deutschland wird mit einer Beschwerde vom 24. Juli 2023 (und allen Exponaten dazu) bedient, um eine Maßnahme zur Rückzug von 14,565 Mio. USD an vertraglich geschuldeten Geldern zu erhalten.  Deutschland wird auch mit einer Kopie der in diesem Verfahren in Zusammenarbeit mit der Beschwerde erteilten Vorladung zugestellt.

5. Art und Zweck des Verfahrens; warum der ausländische Staat benannt wurde; Erleichterung angefordert.

   a) Wie John Doe in der Beschwerde feststellt, handelt es sich um eine Klage, um vertraglich geschuldete Mittel in Höhe von 14,565 Millionen US -Dollar aus John Does schriftlich mit der Bundeskriminalamt der Bundesrepublik Deutschland über Sammlungen, die sich aus der Bereitstellung von Doe in Deutschland der Panama Papers im Jahr 2017 ergeben, zurückzuführen.

   b) John Doe sucht die folgende Erleichterung:

      i. ich. 14,565 Mio. USD Schadensersatz;

      ii. Interesse vor dem Urteil und nach dem Urteilsvermögen;

      iii. die Kosten und Gebühren dieser Klage, einschließlich der gesetzlich zulässigen Anwaltskosten, die Gebühren der Anwälte, sofern dies zulässig ist; Und

      iv. Eine solche zusätzliche Erleichterung wie das Gericht erscheint gerecht und gerecht.

6. Eine Antwort auf die Vorladung und die Petition muss dem Gericht vorgelegt werden, spätestens 60 Tage nach Eingang dieser Dokumente. Die Reaktion kann zu Gerichtsbarkeitsvert als (einschließlich Verteidigung in Bezug auf die staatliche Immunität) auftreten).

7. Das Versäumnis, eine rechtzeitige Reaktion beim Gericht vorzulegen, kann zu einem Ausfallurteil und einem Antrag auf Ausführung zur Erfüllung des Urteils führen.

Wenn ein Verzugsurteil eingegeben wurde, kann ein Verfahren zur Verfügung stehen, um dieses Urteil zu räumen oder zu öffnen.

8. Fragen zu staatlichen Immunitäten und zur Zuständigkeit der Gerichte der Vereinigten Staaten über ausländische Staaten unterliegen dem im Abschnitt 1330, 1391(f), 1441(d) und 1602 bis 1611, Foreign Sovereign Immunities Act of 1976 von Titel 28, United States Code (Pub.L. 94-583; 90 Stat. 2891).  Eine Kopie dieses Statuts wird als Anhang A beigefügt.

Datiert: 28. März 2024                    Hochachtungsvoll,


                                          /s/John Doe
                                          John Doe
                                          doevgermanylitigation@protonmail.com

**Anhang A**
Foreign Sovereign Immunities Act of 1976

## Public Law 94–583
## 94th Congress

## An Act

To define the jurisdiction of United States courts in suits against foreign states, the circumstances in which foreign states are immune from suit and in which execution may not be levied on their property, and for other purposes.

Oct. 21, 1976
[H.R. 11315]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Foreign Sovereign Immunities Act of 1976".

Foreign Sovereign Immunities Act of 1976.
28 USC 1 note.

SEC. 2. (a) That chapter 85 of title 28, United States Code, is amended by inserting immediately before section 1331 the following new section:

### "§ 1330. Actions against foreign states

28 USC 1330.
Jurisdiction.

"(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

*Post,* p. 2892.

"(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

*Post,* p. 2894.

"(c) For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title.".

(b) By inserting in the chapter analysis of that chapter before—

"1331. Federal question; amount in controversy; costs."

the following new item:

"1330. Action against foreign states.".

SEC. 3. That section 1332 of title 28, United States Code, is amended by striking subsections (a) (2) and (3) and substituting in their place the following:

"(2) citizens of a State and citizens or subjects of a foreign state;

"(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

"(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.".

SEC. 4. (a) That title 28, United States Code, is amended by inserting after chapter 95 the following new chapter:

### "Chapter 97.—JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

"Sec.
"1602. Findings and declaration of purpose.
"1603. Definitions.
"1604. Immunity of a foreign state from jurisdiction.
"1605. General exceptions to the jurisdictional immunity of a foreign state.
"1606. Extent of liability.

90 STAT. 2892          PUBLIC LAW 94–583—OCT. 21, 1976

"1607. Counterclaims.
"1608. Service; time to answer default.
"1609. Immunity from attachment and execution of property of a foreign state.
"1610. Exceptions to the immunity from attachment or execution.
"1611. Certain types of property immune from execution.

28 USC 1602.

## "§ 1602. Findings and declaration of purpose

"The Congress finds that the determination by United States courts
of the claims of foreign states to immunity from the jurisdiction of
such courts would serve the interests of justice and would protect the
rights of both foreign states and litigants in United States courts.
Under international law, states are not immune from the jurisdiction
of foreign courts insofar as their commercial activities are concerned,
and their commercial property may be levied upon for the satisfaction
of judgments rendered against them in connection with their commer-
cial activities. Claims of foreign states to immunity should henceforth
be decided by courts of the United States and of the States in con-
formity with the principles set forth in this chapter.

28 USC 1603.

## "§ 1603. Definitions

"For purposes of this chapter—
    "(a) A 'foreign state', except as used in section 1608 of this title,
includes a political subdivision of a foreign state or an agency or
instrumentality of a foreign state as defined in subsection (b).
    "(b) An 'agency or instrumentality of a foreign state' means
any entity—
        "(1) which is a separate legal person, corporate or other-
    wise, and
        "(2) which is an organ of a foreign state or political
    subdivision thereof, or a majority of whose shares or other
    ownership interest is owned by a foreign state or political
    subdivision thereof, and
        "(3) which is neither a citizen of a State of the United
    States as defined in section 1332 (c) and (d) of this title, nor
    created under the laws of any third country.
    "(c) The 'United States' includes all territory and waters, con-
tinental or insular, subject to the jurisdiction of the United States.
    "(d) A 'commercial activity' means either a regular course of
commercial conduct or a particular commercial transaction or act.
The commercial character of an activity shall be determined by
reference to the nature of the course of conduct or particular
transaction or act, rather than by reference to its purpose.
    "(e) A 'commercial activity carried on in the United States by
a foreign state' means commercial activity carried on by such state
and having substantial contact with the United States.

28 USC 1604.

## "§ 1604. Immunity of a foreign state from jurisdiction

"Subject to existing international agreements to which the United
States is a party at the time of enactment of this Act a foreign state
shall be immune from the jurisdiction of the courts of the United
States and of the States except as provided in sections 1605 to 1607 of
this chapter.

28 USC 1605.

## "§ 1605. General exceptions to the jurisdictional immunity of a
foreign state

"(a) A foreign state shall not be immune from the jurisdiction of
courts of the United States or of the States in any case—
    "(1) in which the foreign state has waived its immunity either
explicitly or by implication, notwithstanding any withdrawal of

the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

"(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

"(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

"(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue; or

"(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

"(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

"(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

"(b) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided*, That— <span style="float:right">Suit in admiralty.</span>

<span style="float:right">Notice.</span>

"(1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; but such notice shall not be deemed to have been delivered, nor may it thereafter be delivered, if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit—unless the party was unaware that the vessel or cargo of a foreign state was involved, in which event the service of process of arrest shall be deemed to constitute valid delivery of such notice; and

"(2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in subsection (b)(1) of this section or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

Whenever notice is delivered under subsection (b)(1) of this section, the maritime lien shall thereafter be deemed to be an in personam

claim against the foreign state which at that time owns the vessel or cargo involved: *Provided*, That a court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose, such value to be determined as of the time notice is served under subsection (b)(1) of this section.

28 USC 1606.

"**§ 1606. Extent of liability**

"As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

28 USC 1607.

"**§ 1607. Counterclaims**

"In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

"(a) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been brought in a separate action against the foreign state; or

"(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

"(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

28 USC 1608.

"**§ 1608. Service; time to answer; default**

"(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

"(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of

Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a 'notice of suit' shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

"Notice of suit."

"(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

"(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

"(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

"(C) as directed by order of the court consistent with the law of the place where service is to be made.

"(c) Service shall be deemed to have been made—

"(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

"(2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

"(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

"(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## "§ 1609. Immunity from attachment and execution of property of a foreign state

28 USC 1609.

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property

in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

28 USC 1610.

**"§ 1610. Exceptions to the immunity from attachment or execution**

"(a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

"(2) the property is or was used for the commercial activity upon which the claim is based, or

"(3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

"(4) the execution relates to a judgment establishing rights in property—

"(A) which is acquired by succession or gift, or

"(B) which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

"(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment.

"(b) In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

"(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), or (5), or 1605(b) of this chapter, regardless of whether the property is or was used for the activity upon which the claim is based.

"(c) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

PUBLIC LAW 94-583—OCT. 21, 1976       90 STAT. 2897

"(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

"(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

"(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

## "§1611. Certain types of property immune from execution

28 USC 1611.

"(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

22 USC 288 note.

"(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if—

"(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

"(2) the property is, or is intended to be, used in connection with a military activity and

"(A) is of a military character, or

"(B) is under the control of a military authority or defense agency."

(b) That the analysis of "PART IV.—JURISDICTION AND VENUE" of title 28, United States Code, is amended by inserting after—

"95. Customs Court.",

the following new item:

"97. Jurisdictional Immunities of Foreign States.".

SEC. 5. That section 1391 of title 28, United States Code, is amended by adding at the end thereof the following new subsection:

Venue.

"(f) A civil action against a foreign state as defined in section 1603(a) of this title may be brought—

"(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

"(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;

90 STAT. 2898          PUBLIC LAW 94–583—OCT. 21, 1976

"(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

"(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.".

Actions removable.

SEC. 6. That section 1441 of title 28, United States Code, is amended by adding at the end thereof the following new subsection:

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.".

28 USC 1446.

28 USC 1602 note.

SEC. 7. If any provision of this Act or the application thereof to any foreign state is held invalid, the invalidity does not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are severable.

Effective date.
28 USC 1602 note.

SEC. 8. This Act shall take effect ninety days after the date of its enactment.

Approved October 21, 1976.

LEGISLATIVE HISTORY:

HOUSE REPORT No. 94–1487 (Comm. on the Judiciary).
SENATE REPORT No. 94–1310 accompanying S. 3553 (Comm. on the Judiciary).
CONGRESSIONAL RECORD, Vol. 122 (1976):
     Sept. 29, considered and passed House.
     Oct. 1, considered and passed Senate.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 12, No. 43:
     Oct. 22, Presidential statement.