UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN DOE,

      Plaintiff,

  - against -

THE FEDERAL REPUBLIC OF GERMANY
AND THE BUNDESKRIMINALAMT OF
THE FEDERAL REPUBLIC OF GERMANY,

      Defendants.
-------------------------------------------------------------------x

23 Civ. 6395 (VSB) (GS)

ORDER

**GARY STEIN, United States Magistrate Judge:**

In a letter to the Court dated March 28, 2024, Plaintiff requests the Court's assistance in effecting service of process on Defendants pursuant to 28 U.S.C. § 1608(a)(3). (Dkt. No. 24 (the "March 28 Letter")). For the reasons set forth below, Plaintiff's request is denied.[1]

## BACKGROUND

The Court assumes familiarity with its prior Orders in this case dated October 13, 2023 (Dkt. No. 15 ("October Order")), November 21, 2023 (Dkt No. 19 ("November Order")), and January 22, 2024 (Dkt. No. 21 ("January Order")). Relevant aspects of the prior Orders and the procedural history of this action are summarized below.

---

[1] Although Plaintiff addresses his March 28 Letter to Judge Broderick and states he "decline[s] to have this case heard by a magistrate judge" (Dkt. No. 24 at 1), district judges may designate a magistrate judge to hear and determine any non-dispositive pretrial matter, as Judge Broderick notes in an April 4, 2024 Memo Endorsement of Plaintiff's letter. (Dkt. No. 25). That is what Judge Broderick did in this case by issuing an Order of Reference on September 7, 2023. (Dkt. No. 13).

1

As a review of those Orders shows, this is not the first time Plaintiff has sought the Court's assistance in effecting service on Defendants pursuant to the Foreign Sovereign Immunities Act ("FSIA"). Initially, on July 24, 2023, Plaintiff filed a motion asking the Court to authorize alternative service on Defendants under 28 U.S.C. § 1608(a)(1). (Dkt. No. 6). The Court ruled, in the October Order, that the FSIA does not permit alternative service in a case, such as this one, where a defendant is a foreign state or a subdivision thereof. (Dkt. No. 15 at 20-21).

On October 23, 2023, contending that he[2] was unable to serve Defendants himself under the Hague Convention pursuant to 28 U.S.C. § 1608(a)(2) without jeopardizing his anonymity, Plaintiff requested that the Court transmit service documents to Germany on his behalf under the Hague Convention. (Dkt. No. 18). The Court denied that request in its November Order. (Dkt. No. 19 at 6-11).

On December 12, 2023, after first seeking reconsideration of certain rulings in the Court's October Order (*see* Dkt. No. 20 (the "December 12 Letter")), Plaintiff requested that the Court either (1) electronically sign and return copies of the Hague Convention documents that he submitted so he could attempt service pursuant to Section 1608(a)(2); or (2) proceed with service under Section 1608(a)(3) on Plaintiff's behalf using the materials he provided. (*Id*. at 5). In its January Order, after rejecting Plaintiff's arguments for reconsideration, the Court denied his service requests on the ground that Plaintiff is required to provide his identity to

---

[2] *See* Dkt. No. 15 at 2 n.2; Dkt. No. 19 at 2 n.1; Dkt. No. 21 at 2 n.1.

2

the Court under seal before he is entitled to any relief in this action.  (Dkt. No. 21 at 23-25).

As the January Order explained, this was because the Court had made clear to Plaintiff, both in its October and November Orders, that Plaintiff may not proceed with this litigation unless he discloses his identity to the Court, yet Plaintiff, in his December 12 Letter, unequivocally "decline[d]" to do so.  (*Id*. at 23-24).  The January Order stated explicitly that Plaintiff was not entitled "to seek relief from this Court while simultaneously declaring he will not comply with its rules."  (*Id*. at 24).  The November Order similarly stated that "so long as Plaintiff is unwilling to provide his identity to the Court, as required, he is not entitled to judicial relief in this action."  (Dkt. No. 19 at 10).

In a February 5, 2024 letter, Plaintiff stated that he was "conditionally willing" to disclose his identity to the Court, "depending upon the robustness of the alternative sealing process proposed" (Dkt. No. 22), and the Court thereafter emailed him instructions for making a sealed filing outside the CM/ECF process (*see* Dkt. No. 23).  However, Plaintiff still has not disclosed his identity to the Court.  His March 28 Letter states that he "cannot comply with" the instructions that were emailed to him, "as they markedly increase, rather than decrease, the already substantial risks involved with disclosing [his] identity."  (Dkt. No. 24 at 1).

Nonetheless, Plaintiff's March 28 Letter proceeds to assert that service via the Hague Convention pursuant to Section 1608(a)(2) "is not possible" and to request that "service be achieved pursuant to 28 U.S.C. § 1608(a)(3) as authorized

3

by Federal Rule of Civil Procedure 4(j)(1)." (*Id.*).  Plaintiff asks for the Court's assistance in transmitting the service documents to Defendants pursuant to Section 1608(a)(3), contending that, contrary to the Court's November Order, it is the Court's responsibility, rather than Plaintiff's, to effectuate service on the foreign Defendants.  (*Id.* at 1-2).

## DISCUSSION

Plaintiff's request in his March 28 Letter that the Court effect service on his behalf under Section 1608(a)(3) repeats the same request made in his December 12 Letter.  (*Compare* Dkt. No. 24 at 2 *with* Dkt. No. 20 at 5).  Yet Plaintiff still has declined to provide his identity to the Court under seal.  Further, Plaintiff declares in his March 28 Letter that he "cannot comply" with the Court's instructions for filing a declaration under seal that discloses his identity. (Dkt. No. 24 at 1).  Hence, the Court denies Plaintiff's request for the same reason it denied the request in its January Order: Plaintiff is not entitled to judicial relief in this case unless and until he discloses his identity to the Court under seal.

While this is reason enough to deny Plaintiff's request, the Court also rejects the request because Plaintiff is not, on the merits, entitled to the relief he seeks.  In his March 28 Letter, Plaintiff challenges the November Order's holding that, under Federal Rule of Civil Procedure 4(c)(1), "'it is the party, not the court, that is responsible for serving process.'" (Dkt. No. 19 at 7 (quoting *Charleston Aluminum, LLC v. Ulbrinox S. De R.L. de S.V.*, Civ. No. 3:12-2389-MBS, 2013 WL 152895, at *2 (D.S.C. Jan. 15, 2013)).  Plaintiff contends that, in coming to that conclusion, the

4

Court relied on an outdated version of Rule 4(c)(1). According to Plaintiff, the current, applicable version of Rule 4(c)(1) makes clear that "it is the Court's responsibility to effect service, not the plaintiff's." (Dkt. No. 24 at 2).

Plaintiff is mistaken. For starters, there is no substantive difference between the version of the rule cited by the Court and the current version. Prior to December 1, 2007, Rule 4(c)(1) read as follows:

> A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed. R. Civ. P. 4(c)(1) (repealed 2007). Effective December 1, 2007, Rule 4(c)(1) was amended to read (and currently reads) as follows:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person effecting service.

Fed. R. Civ. P. 4(c)(1).

As a comparison of the language makes clear, and as the 2007 Advisory Committee Note to Rule 4 expressly states, the changes to Rule 4(c)(1) were intended "to be stylistic only." Fed. R. Civ. P. 4, Adv. Comm. Note, 2007 amend.; *see also id.* (explaining that these changes to Rule 4 were part of a "general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules"). These stylistic changes do not alter the basic principle—embodied in the rule's text today just as it was previously— that "[t]he plaintiff is responsible" for effecting service.

5

Moreover, Plaintiff's argument that Rule 4(c)(1)'s reference to the time limits in Rule 4(m) somehow means that, in FSIA cases, "it is the Court's responsibility to effect service" (Dkt. No. 24 at 2) is without merit.  Rule 4(m) sets forth a general rule that a defendant must be served within 90 days after the complaint is filed. *See Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 123 (S.D.N.Y. 2020).  "[R]ecogniz[ing] that the timeliness of foreign service is often out of the plaintiff's control," *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005), Rule 4(m) creates an exception to this rule for service in a foreign country. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)").  Where the foreign country exception applies, "the court uses a flexible due diligence standard to determine whether service of process was timely."  *Astor Chocolate*, 510 F. Supp. 3d at 123 (cleaned up).

Thus, the scope of Rule 4(m)—entitled "Time Limit for Service"—is limited to *when* service is made on domestic and foreign defendants.  It has nothing to with *who* effects service and does not remove FSIA cases, or other cases where service is made in a foreign country, from Rule 4(c)'s mandate that "[t]he plaintiff is responsible" for effecting service.  *See, e.g.*, *Charleston Aluminum*, 2013 WL 152895, at *2 (holding that service of a foreign defendant under the Hague Convention "is Plaintiff's responsibility"); *Wang v. Li*, No. 21-cv-2885 (CKK/MAU), 2022 WL 18787862, at *3 (D.D.C. Nov. 18, 2022) (same); *Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Cap. Variable*, No. 20 Civ. 01213 (GHW), 2020 WL 13855620, at *2 n.3 (S.D.N.Y. May 13,

2020) (citing *Charleston Aluminum* with approval in case involving service in a foreign country).

Further, even assuming *arguendo* that Plaintiff could now avail himself of service pursuant to Section 1608(a)(3) when he has still not attempted to effect service under the Hague Convention pursuant to Section 1608(a)(2),[3] Plaintiff has not complied with the requirements for effecting service under Section 1608(a)(3). Section 1608(a)(3) allows a plaintiff in an FSIA case to effect service by providing "a copy of the summons and complaint and notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). In this District, in order to enlist the assistance of the Clerk of Court in effecting service under Section 1608(a)(3), the plaintiff must provide:

- a letter of request addressed to the Clerk of Court;

- one copy of the required documents for service upon each defendant as well as one copy for the Court's file;

- an affidavit from a translator stating his or her qualifications and certifying that the translation of the summons and complaint and notice of suit is accurate;

---

[3] As noted in the October Order and the November Order, Section 1608(a) sets forth four methods of serving a foreign state (or political subdivision thereof), which must be attempted sequentially in the order in which they are laid out in the statute. (Dkt. No. 15 at 18; Dkt. No. 19 at 4; *see Neuhauser v. Bolivarian Republic of Venezuela*, No. 20 Civ. 10342 (AT), 2023 WL 4350614, at *2 (S.D.N.Y. July 3, 2023) ("A plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on.") (cleaned up)). Plaintiff claims that service pursuant to Section 1608(a)(2) "is not possible" because he has been unable to "find a lawyer who [he is] comfortable can protect [his] identity" to assist him with service under the Hague Convention. (Dkt. No. 24 at 1). The Court assumes, without deciding, that this would be a sufficient justification to proceed to Section 1608(a)(3).

7

- an envelope addressed to each of the defendants along with a return address;

- return receipts on designated Postal Service Forms that are filled out; and

- funds to pay for the costs of postage and return receipt fees.

*United States District Court, Southern District of New York, Clerk's Office Foreign Mailing Instructions*, https://nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf at 10-11 (last visited Apr. 15, 2024).

Plaintiff has not tendered any of these materials. He has not provided the requisite copies, envelope, or return receipt forms. Although he attaches to his March 28 Letter a purported German translation of his notice of suit (Dkt. No. 24 at 16-19), and previously provided German translations of the summons and complaint (Dkt. No. 18), he has not identified who the translator was for any of these documents and has failed to provide an affidavit from a translator attesting to the person's qualifications and the accuracy of the translations. Nor has Plaintiff provided any funds to pay for the postage costs and return receipt fees as required. Accordingly, Plaintiff is not entitled to the Court's assistance in effecting service under 28 U.S.C. § 1608(a)(3).

8

## CONCLUSION

For the reasons stated above, Plaintiff's request for the Court's assistance in effecting service on Defendants under 28 U.S.C. § 1608(a)(3) is **DENIED**.

Dated:   April 15, 2024
         New York, New York

_____
GARY STEIN
United States Magistrate Judge