UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

JOHN DOE,                                :          23 Civ. 6395 (VSB) (GS)
                                         :
                    Plaintiff,           :          REPORT &
                                         :          RECCOMENDATION
          - against -                    :
                                         :
THE FEDERAL REPUBLIC OF GERMANY          :
AND THE BUNDESKRIMINALAMT OF             :
THE FEDERAL REPUBLIC OF GERMANY,         :
                                         :
                    Defendants.          :
                                         :
---------------------------------------------------------------------x

**GARY STEIN, United States Magistrate Judge:**

      Following Plaintiff's submission of a letter dated March 28, 2024 (Dkt.

No. 24 (the "March 28 Letter")), Judge Broderick enlarged the Order of

Reference in this case "to include the dispositive issue of whether dismissal is

appropriate under *Publicola v. Lomenzo*, 54 F.4th 108 (2d Cir. 2022), or as a

possible sanction." (Dkt. No. 25). For the reasons set forth below, the

undersigned recommends that this action be dismissed based on Plaintiff's

refusal to provide Plaintiff's identity to the Court under seal, as required.

## BACKGROUND

      The Court assumes familiarity with its prior Orders in this case dated

October 13, 2023 (Dkt. No. 15 ("October Order")), November 21, 2023 (Dkt No. 19

("November Order")), January 22, 2024 (Dkt. No. 21 ("January Order")), and, most

recently, April 15, 2024 (Dkt. No. 26 ("April Order")). Relevant aspects of those

Orders and the procedural history of this action are summarized below.

Prior to initiating the instant action, Plaintiff filed a nearly identical complaint on June 20, 2023 in the U.S. District Court for the District of Columbia. Complaint, *Doe v. Fed. Republic of Ger.*, Civil Action No. 23-1782 (JEB) ("D.D.C. Action") (Dkt. No. 1).  Chief Judge James E. Boasberg granted Plaintiff's motion to proceed pseudonymously in the D.D.C. Action, but denied Plaintiff's "unusual request" to shield his[1] identity from the court.  *Doe v. Fed. Republic of Ger.*, Civil Action No. 23-1782 (JEB), 2023 WL 4744154, at *4-5 (D.D.C. June 30, 2023).  Judge Boasberg ordered Plaintiff to file a declaration containing his true name, residential address, and phone number under seal within 21 days of the court's ruling.  *Id.* at *5.  Plaintiff sought reconsideration of this order, which was denied.  *Doe v. Fed. Republic of Ger.*, Civil Action No. 23-1782 (JEB), 2023 WL 4744175 (D.D.C. July 21, 2023).

Plaintiff did not comply with Chief Judge Boasberg's order.  Instead, on July 24, 2023—the deadline for submitting a declaration under seal disclosing his identity in the D.D.C. Action—Plaintiff commenced the instant action in this Court. At the same time, Plaintiff filed an *ex parte* motion for leave to proceed anonymously in this action (Dkt. No. 3), as well as motions seeking other relief (Dkt. Nos. 5, 6).  Judge Boasberg thereafter dismissed the D.D.C. Action for want of prosecution.  D.D.C. Action, No. 23-1782, Dkt. Entry dated Sept. 20, 2023.

In its October Order, the Court, among other things, denied without prejudice Plaintiff's motion to proceed anonymously until Defendants had been served and

---

[1] *See* Dkt. No. 15 at 2 n.2; Dkt. No. 19 at 2 n.1; Dkt. No. 21 at 2 n.1.

Plaintiff evinced a willingness to disclose his identity to the Court under seal. (Dkt. No. 15 at 2).  The October Order made clear that in this Court too, Plaintiff would be required to disclose his identity to the Court under seal, even if he were allowed to proceed anonymously.  (*Id.* at 25-27).  Such disclosure is required, the Court explained, by the Second Circuit's decision in *Publicola* as well as by other precedent.  (*Id.*).  The October Order thus stated that "[i]f Plaintiff abandoned the D.D.C. Action and filed the instant action in the hope that he could avoid having to divulge his identity to this Court in some manner, he was mistaken."  (*Id.* at 25).

Thereafter Plaintiff, without indicating that he was willing to disclose his identity to the Court, asked for the Court's assistance in transmitting service documents to Germany on his behalf under the Hague Convention pursuant to 28 U.S.C. § 1608(a) of the Foreign Sovereign Immunities Act.  (Dkt. No. 18).  In denying that request in the November Order, the Court stated plainly that "so long as Plaintiff is unwilling to provide his identity to the Court, as required, he is not entitled to judicial relief in this action."  (Dkt. No. 19 at 10).  The November Order reiterated that, "[a]s this Court and the court in the D.D.C. Action have already ruled, this case cannot proceed unless Plaintiff provides his identity to the Court under seal."  (*Id.*).

Instead of doing so, Plaintiff submitted a letter on December 12, 2023 arguing, among other things, that he should be relieved of the requirement to disclose his identity under seal to the Court unless "*absolutely* necessary."  (Dkt. No. 20 (the "December 12 Letter") at 3) (emphasis in original).  In the December 12

Letter, Plaintiff unequivocally "decline[d]" to disclose his identity. (*Id.* at 5). He also acknowledged that he had, in fact, abandoned the D.D.C. Action in the hope that he could avoid disclosing his identity to this Court. (*Id.* at 2 n.1).

In its January Order, the Court considered, but ultimately rejected, Plaintiff's arguments, adhering to its prior determinations that, under *Publicola*, Plaintiff is required to disclose his identity to the Court. (Dkt. No. 21 at 18-23). The January Order again denied Plaintiff's requests for the Court to assist him in effecting service under 28 U.S.C. § 1608(a), and again ruled that Plaintiff was not entitled "to seek relief from this Court while simultaneously declaring he will not comply with its rules." (*Id.* at 24).

The January Order directed Plaintiff to submit a letter by February 8, 2024, indicating his willingness to submit his name and residential address under seal. (*Id.* at 25). The Order stated that if Plaintiff submitted such a letter, the Court would provide instructions for making a sealed filing outside the CM/ECF process. (*Id.*). Conversely, the Order stated, if Plaintiff failed to submit such a letter, the undersigned would recommend to Judge Broderick that this case be dismissed. (*Id.*).

On February 5, 2024, Plaintiff submitted a letter stating he was "conditionally willing to provide [his] identity, physical address and telephone number to the Court depending upon the robustness of the alternative sealing process proposed." (Dkt. No. 22). Based on that letter, the Court issued an Order on March 1, 2024 granting Plaintiff permission to file a declaration with his

identifying information under seal and outside the CM/ECF process.  (Dkt. No. 23).
On that same day, instructions regarding the sealing process were emailed to
Plaintiff.[2]

In his March 28 Letter, however, Plaintiff now states that, having reviewed
the instructions for filing under seal that were emailed to him, he "[r]egrettably []
cannot comply with these instructions, as they markedly increase, rather than
decrease, the already substantial risks involved with disclosing [his] identity."
(Dkt. No. 24 at 1).[3]

## DISCUSSION

As noted above, the Court stated in its January Order that if Plaintiff did not
indicate his willingness to provide his identity to the Court under seal by February
8, 2024, the undersigned would recommend that this action be dismissed.  (Dkt. No.
21 at 25).  Although Plaintiff then submitted his letter of February 5, 2024
indicating he was "conditionally willing" to provide his identity under seal (Dkt. No.
22), he has now retracted that indication of willingness and stated that he "cannot
comply" with the Court's directive.  (Dkt. No. 24 at 1).  As matters now stand,
Plaintiff has failed to provide his identity to the Court and has declined to indicate
his willingness to do so.

---

[2] At Plaintiff's request (*see* Dkt. No. 22), the email instructions were not publicly disclosed on the docket, but instead sent to the email address he has been using for purposes of this litigation.

[3] In his March 28 Letter, Plaintiff also requested the Court's assistance in effecting service on Defendants pursuant to 28 U.S.C. § 1608(a)(3).  (Dkt. No. 24).  The undersigned denied that request in the April Order issued concurrently with this report and recommendation.

Consistent with the January Order, the undersigned therefore recommends that this action be dismissed.  In *Publicola*, after the Second Circuit ordered a *pro se* pseudonymous appellant to disclose his identity under seal, the appellant filed a letter stating that he "will not comply" with the Court's order.  54 F.4th at 111.  The Second Circuit held that the appellant's "refusal to disclose his identity to the Court," as required, "warrants dismissal of his appeal," noting that "anything short of dismissal would be inappropriate."  *Id*. at 111, 114.

So too here, Plaintiff's refusal to disclose his identity under seal leaves the Court with no alternative but to recommend dismissal of this action.  The Court will not repeat its prior analysis, based on *Publicola* and other cases in this Circuit, demonstrating the necessity of Plaintiff's disclosing his identity to the Court under seal.  (*See* Dkt. No. 15 at 22-27; Dkt. No. 19 at 10; Dkt. No. 21 at 18-25).  Notably, just last month the Second Circuit, citing *Publicola* and favorably citing the October Order in this case, reaffirmed that while procedures exist "to allow parties to proceed anonymously to the *public* when certain conditions are met, . . . we do not allow parties to remain anonymous to the *court*."  *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 117 & n.6 (2d Cir. 2024) (emphasis in original).

Plaintiff has been given ample opportunity to comply with this requirement. The Court has attempted to accommodate his interest in shielding his identity from the public and potential bad actors, including by allowing him to make a sealed filing outside the CM/ECF system.  (Dkt. No. 23).  Despite this, Plaintiff has repeatedly and willfully refused to disclose his identity to the Court as required.

Plaintiff also refused to comply with Chief Judge Boasberg's order requiring him to disclose his identity in the D.D.C. Action, which led to the dismissal of that case.

As noted above, in its first Order in this case, the Court made it clear that by filing this action Plaintiff would not be able to avoid the requirement imposed in the D.D.C. Action that he disclose his identity to the Court. (Dkt. No. 15 at 25). For six months, Plaintiff has refused to heed that admonition. Instead, he has insisted that he should be exempt from this "well-established" and "vital" requirement, *Publicola*, 54 F.4th at 111, of the law. In this he is, as the Court stated in October, mistaken. Inasmuch as Plaintiff is unwilling to do what is necessary for this action to proceed, it is time for this action to be dismissed.

## CONCLUSION

For the reasons stated above, the undersigned respectfully recommends that, due to Plaintiff's persistent and continuing refusal to disclose his identity under seal to the Court, as required, this action be **DISMISSED**.

Dated:     April 15, 2024
           New York, New York

_____
GARY STEIN
United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Plaintiff shall have fourteen calendar days, inclusive of weekends and holidays, from the date of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6(a), (b), and (d). Any such objections shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be directed to Judge Broderick. A failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner v. Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).