

**David B. Harrison, Esq.**
dharrison@shnlegal.com
363 Bloomfield Avenue, Suite
Montclair, New Jersey 07042
Direct Dial: (973) 232-4109

May 17, 2024

**VIA ECF**
Hon. Gary Stein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:   *John Doe v. The Federal Republic of Germany, et al.*
             Civil No. 1:23-cv-06395-VSB-GS

Dear Judge Stein:

      This firm represents Plaintiff John Doe in the above-captioned action. On Friday, May 10, 2024, I and my colleague, filed notices of appearances on behalf of Plaintiff John Doe ("Plaintiff") in the above-referenced matter. (Dkt. Nos. 31 & 32).

      We now write to the Court regarding your Honor's pending Report and Recommendation ("R&R"), in which your Honor recommended dismissing this case on the basis that Plaintiff's request to proceed both pseudonymously and as a *pro se* litigant was improper. NYSECF Doc. No. 27. As discussed in more detail herein, we believe our representation as Plaintiff's counsel moots the concerns articulated by your Honor regarding Plaintiff's refusal to disclose their identity all while appearing *pro se*.[1] In light of our appearance, we respectfully request that the R&R be withdrawn as moot or, in the alternative, a conference with the Court to discuss a resolution addressing any of the Court's remaining concerns.

      At the time the R&R was issued, Plaintiff was seeking to both proceed with their litigation under a pseudonym and *pro se*. Plaintiff's request for this approach was not out of intransigency—rather, given the highly sensitive nature of the underlying issues in this case, Plaintiff has taken significant precautions regarding revelation of their identify for their own personal safety. Through proceeding under a pseudonym and *pro se*, Plaintiff sought to minimize to the maximum degree the scope of individuals who would be informed of their identity.

      The R&R thus was focused on the propriety of a Plaintiff proceeding in federal court both under a *pseudonym* and *pro se*. In particular, the R&R focused its analysis on the Second Circuit's decision in *Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022) (Dkt. No. 27 at 3), where the Second Circuit affirmed dismissal of a plaintiff's case where they were seeking to pursue claims under a pseudonym and *pro se*. The *Publicola* Court grounded its decision upon both the Federal Rules of Civil and Appellate Procedure that require papers filed with the court to be signed by either the litigant ***or his attorney***. *See* Fed. R. App. P. 32(d) ("Every brief,

---

[1] As in the Complaint (Dkt. No. 1) and Plaintiff's Objections to the R&R ("Objections") (Dkt. No. 28), ambiguous pronouns are used for the sake of Plaintiff's safety.

Judge Stein
May 17, 2024
Page 2 of 2

motion, or other paper filed with the court must be signed by the party filing the paper or, if the party is represented, by one of the party's attorneys."); *see also* Fed. R. Civ. P. 10(a) (requiring that "the complaint must name all the parties"); Fed. R. Civ. P. 11(a) (every brief, motion, or other paper filed with the court must be signed by the party filing the paper *or*, if the party is represented, by one of the party's attorneys). As the Second Circuit held, these rules are rooted in principles that "facilitate public scrutiny of judicial proceedings" and "ensure [ ] that a readily identifiable attorney or party takes responsibility for every paper." *Publicola,* 54 F.4th at 112 (internal citations omitted).

While *Publicola* arguably addressed Plaintiff's initial posture, upon Plaintiff's retention of our firm in this matter, we believe the primary concern that guided *Publicola* (*i.e.*, the Court would not have either an attorney nor a party from whom it could ensure the accuracy of papers) has been squarely addressed and is no longer relevant. We believe the other concerns highlighted in *Publicola,* including the Court's statutory obligation to check for conflicts of interest and claim preclusion, are resolved as well. First, Plaintiff's anonymity to the Court actually precludes the need for a conflict check because the Court cannot render biased decisions in favor or against parties it does not know. Second, the claims here are uniquely specific and individual, reducing any risk that the Court will be unable to give preclusive effect to other state court judgments because the claims (and any judgments, of which there are none) are knowable. And, for that matter, Defendants will certainly know whether any preclusive judgments have been issued and can raise those arguments when they appear and defend the litigation.

Moreover, there can be no doubt that Plaintiff satisfies the inquiry imposed by district courts in determining whether to allow a litigant to remain anonymous. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (outlining a ten-factor test clearly met here). Indeed, for these reasons, the District Court for the District of Columbia has already found that the public's interest in this lawsuit is not furthered by requiring Plaintiff to disclose their identity. *Doe v. Federal Republic of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023) ("Plaintiff has met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity").

In light of these considerations, we believe our representation as Plaintiff's counsel resolves the questions and concerns articulated by the Court in its R&R regarding Plaintiff's refusal to disclose their identity. Accordingly, we are prepared to proceed with the case, with Plaintiff's identity remaining as the pseudonym John Doe.

Should the Court have any remaining questions or concerns, we request the Court schedule an *ex parte* conference to discuss those outstanding issues at a date and time convenient for the Court. On behalf of Plaintiff, we thank the Court for its consideration of Plaintiff's request to remain anonymous as John Doe and proceed with the case.

Respectfully submitted,
**SPIRO HARISON & NELSON**

*/s/ David B. Harrison*
David B. Harrison