UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
JOHN DOE,                                                               :    23 Civ. 6395 (VSB) (GS)
                                                                        :
                       Plaintiff,                                :    <u>ORDER</u>
                                                                        :
         - against -                                       :
                                                                        :
THE FEDERAL REPUBLIC OF GERMANY                                         :
AND THE BUNDESKRIMINALAMT OF                                            :
THE FEDERAL REPUBLIC OF GERMANY,                                        :
                                                                        :
                       Defendants.                               :
                                                                        :
------------------------------------------------------------------------x

**GARY STEIN, United States Magistrate Judge:**

       On April 15, 2024, I issued a Report & Recommendation to the Honorable Vernon S. Broderick recommending that this action be dismissed due to Plaintiff John Doe's refusal to disclose his identity to the Court under seal, as required. (Dkt. No. 27 (the "R&R")). Until then, Plaintiff had proceeded in this action *pro se*. On May 10, 2024, however, counsel from the law firm of Spiro Harrison & Nelson filed notices of appearance on Plaintiff's behalf. (Dkt. Nos. 31, 32).

       On May 17, 2024, Plaintiff's counsel filed a letter requesting that, in light of their appearance, the R&R be withdrawn as moot since "our representation as Plaintiff's counsel resolves the questions and concerns articulated by the Court in its R&R regarding Plaintiff's refusal to disclose their identity." (Dkt. No. 33 (the "Letter" or "Ltr.") at 2). Having considered this request, the Court denies it for the reasons set forth below.

## DISCUSSION

Familiarity with the R&R and the Court's Orders in this case dated October 13, 2023 (Dkt. No. 15), November 21, 2023 (Dkt. No. 19), January 22, 2024 (Dkt. No. 21), and April 15, 2024 (Dkt. No. 26) is presumed.

### A. Standard of Review

As an initial matter, the Court considers the proper standard of review for Plaintiff's request. Insofar as the Letter asks that the R&R be withdrawn, it could be viewed as a motion for reconsideration of the R&R. Viewed that way, the motion would be untimely under Local Civil Rule 6.3, which requires a motion for reconsideration or reargument to be served within fourteen days after entry of the Court's ruling. In addition, Plaintiff would be required to meet the "heavy burden" of showing "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Application of Furstenberg Fin. SAS*, 334 F. Supp. 3d 616, 618 (S.D.N.Y. 2018) (quoting *Doe v. N.Y.C. Dept. of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *see also Harris v. City of N.Y.*, No. 23 Civ. 6344 (VSB), 2023 WL 7474419, at *1 (S.D.N.Y. Oct. 12, 2023) ("[t]he standard for a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked") (citation omitted).

The Court does not, however, believe that Plaintiff's Letter is properly viewed as a motion for reconsideration. Rather than point to information that

the Court overlooked at the time of the R&R, the Letter primarily relies on a change in circumstance thereafter: namely, Plaintiff's retention of counsel. It is thus more appropriate to treat the request as a new motion to allow Plaintiff, now that he is represented, to proceed under a pseudonym without disclosing his identity to the Court. *See Petersen Energia Inversora S.A.U. v. Argentine Republic*, Nos. 15 Civ. 2739 (LAP), 16 Civ. 8569 (LAP), 2020 WL 3034824, at *4 (S.D.N.Y. June 5, 2020) (declining to treat motion as one seeking reconsideration of earlier ruling where "gravamen" of motion was that "materially changed circumstances since the original ruling have given rise to a new affirmative case for dismissal . . ., not that the Court overlooked controlling case law or critical evidence that could alter the original analysis").

Accordingly, the Court proceeds to examine Plaintiff's Letter on the merits.

**B.    Plaintiff's Letter**

Plaintiff's Letter notes that this Court, in requiring Plaintiff to disclose his identity under seal, has relied on the Second Circuit's decision in *Publicola v. Lomenzo*, 54 F.4th 108 (2d Cir. 2012), and that the appellant in *Publicola* sought to pursue his claims under a pseudonym and *pro se*. (Ltr. at 1). Plaintiff argues that, since he is no longer proceeding *pro se*, the "primary concern" underlying *Publicola*—that there be an identifiable party or attorney responsible for court filings—"is no longer relevant." (*Id*. at 2). He also argues that the other concerns expressed in *Publicola* "are resolved as well." (*Id*.).

3

Accordingly, Plaintiff contends, he should now be permitted to shield his identity not only from the public, but also from the court. (*Id.*).

The Court does not agree. Plaintiff, when still proceeding *pro se*, made a similar argument that he should not be required to adhere to *Publicola* because its underlying concerns were not implicated on the facts of this case. (Dkt. No. 20 at 3). As explained in the Court's January 22, 2024 Order, that argument failed because, *inter alia*, *Publicola* sets forth a rule—"court filings must disclose the identity of the filer"—not a balancing test that depends on the facts of the particular case. (Dkt. No. 21 at 22-23 (quoting *Publicola*, 54 F.4th at 111)). This requirement flows from the applicable Federal Rules, including Fed. R. Civ. P. 10(a), which mandates that "the complaint must name all the parties." *Publicola*, 54 F.4th at 111 (quoting Fed. R. Civ. P. 10(a)). While in appropriate cases, depending on the circumstances, a litigant's identity may be withheld from the public and even the litigant's adversary, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), it must, at a minimum, be disclosed to the court under seal.

In *Do No Harm v. Pfizer, Inc.*, 96 F.4th 106 (2d Cir. 2024) (which the R&R cites but Plaintiff's Letter ignores), the Second Circuit reaffirmed this rule: "While procedures exist to allow parties to proceed anonymously to the *public* when certain conditions are met, we do not allow parties to remain anonymous *to the court*." *Id*. at 117 (citations omitted; emphasis in original). The court explained that if the anonymous organization members in that case had filed

4

suit themselves and "refused to provide their real names to the court," their "complaint would face immediate dismissal pursuant to Fed. R. Civ. P. 10(a)." *Id*. at 117 n.6. Indeed, the court noted that as far as it could tell, "cases in which a party has been allowed to proceed to judgment without disclosing their identity to the court don't exist." *Id*.

Significantly, the plaintiff-organization in *Do No Harm* that declined to disclose its members' identities was not proceeding *pro se*—it was represented by counsel. *See id*. at 108. That did not stop the court from invoking the rule requiring disclosure of a litigant's identity to the court. Pseudonymous plaintiffs have been directed to disclose their identity to the court in numerous cases where the plaintiff was represented by counsel. *See, e.g.*, *One Standard of Justice, Inc. v. City of Bristol*, 3:22-CV-863 (SVN), 2022 WL 17688053 (D. Conn. Dec. 9, 2022) (cited in *Do No Harm*, 96 F.4th at 117 n.6); *Osrecovery, Inc. v. One Grp. Intern., Inc.*, No. 02 Civ. 8993 (LAK), 2003 WL 23313 (S.D.N.Y. Jan. 3, 2003); *Doe v. City of N.Y.*, No. 85 Civ. 4191 (JFK), 1985 WL 4401 (S.D.N.Y. Dec. 10, 1985). By contrast, Plaintiff's Letter does not cite a single case recognizing an exception to the rule for represented parties. The Court declines to recognize such an exception here.

In any event, contrary to Plaintiff's argument, the policy concerns underlying the rule requiring disclosure of a party's identity to the court do not disappear simply because the party is represented by counsel. Plaintiff notes that because future filings in this case will be made by counsel, counsel may be

5

held accountable if those filings violate Fed. R. Civ. P. 11.  (Ltr. at 1-2).  But under Rule 11, "sanctions may be imposed not only against attorneys, but also against represented parties, where the party 'is responsible for the violation.'" *Braun ex rel. Advanced Tech., Inc. v. Fu*, No. 11 Civ. 4383 (CM) (DF), 2015 WL 4389893, at *12 (S.D.N.Y. July 10, 2015) (quoting Fed. R. Civ. P. 11(c)(1)).  In some circumstances, where the party alone is culpable, "sanctions on the party alone are appropriate."  *Bandler v. BPCM NYC, Ltd.*, No. 12 Civ. 3512 (PGG), 2014 WL 5038407, at *16 (S.D.N.Y. Sept. 29, 2014) (citation omitted); *see also Guzik v. Albright*, No. 16 Civ. 2257 (JPO) (DF), 2019 WL 1448358, at *4 (S.D.N.Y. Feb. 8, 2019) (Rule 37(c)(2) discovery sanctions may be imposed only against party, not counsel).

    Thus, as *Publicola* itself recognizes, requiring disclosure of a party's identity is necessary to "enable[] the Court to exercise its authority to sanction attorneys *and parties* who file papers that contain misleading or frivolous assertions."  *Publicola*, 56 F.4th at 112 (emphasis added).  Yet the Court cannot effectively exercise that authority with respect to a party if it does not know the name of that party or where the party may be found.

    Nor is the Court persuaded by Plaintiff's argument that another concern cited in *Publicola*—ensuring compliance with the court's obligation under 28 U.S.C. § 455 to avoid conflicts of interest—is obviated here because "the Court cannot render biased decisions in favor or against parties it does not know." (Ltr. at 2).  For one thing, Plaintiff does not explain how the fact that he is now

6

represented by counsel makes any difference in this regard; thus, Plaintiff is merely rehashing his earlier *pro se* objection, which the Court already rejected. (*See* Dkt. No. 21 at 22-23). And on the merits, Plaintiff's argument overlooks that, as the Second Circuit recently reaffirmed, Section 455(a) "'governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown.'" *Litovich v. Bank of Am. Corp.*, ___ F.4th ___, 2024 WL 3261105, at *2 (2d Cir. July 2, 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)). Thus, "[a] judge need not have actual knowledge of the disqualifying circumstance for § 455(a) to apply." *Id.* at *2, 4-5 (vacating district court ruling, while assuming that judge "had no knowledge of the conflict," due to risk it would "undermine the public's confidence in the judicial process") (cleaned up).

Finally, the Court reiterates that it has offered Plaintiff the opportunity to disclose his identity under seal through a procedure outside the CM/ECF process. (*See* Dkt. No. 21 at 25; Dkt. No. 23; R&R at 6). As the Court previously noted, Plaintiff has not satisfactorily explained why such a procedure is insufficient to protect his legitimate safety concerns—instead he has offered rank speculation about untrustworthy or corrupt court staff or judges. (*See* Dkt. No. 21 at 21). Plaintiff's Letter presents no such explanation either. For this reason as well, the Court continues to find that no sound justification exists that warrants an exception to the well-established requirement that a litigant's identity must be disclosed to the court.

7

Accordingly, notwithstanding the fact that Plaintiff is now represented by counsel, the Court adheres to its prior determinations that Plaintiff is required to disclose his identity under seal to the court and that his refusal to do so warrants dismissal of this action.

## CONCLUSION

For the reasons set forth above, Plaintiff's request that the Court withdraw its Report & Recommendation dated April 15, 2024 is **DENIED**.

Dated:   July 24, 2024
         New York, New York

_____
GARY STEIN
United States Magistrate Judge